724 P.2d 610

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY, Petitioner,**

**v.**

**SUPERIOR COURT of the State of Arizona, in and for the County of Greenlee; Honorable Allen Minker, a Judge thereof, Respondents,**

**and**

**A MINOR CHILD, and Her Parents, Real Parties in Interest.**

**2 CA–SA 0402.**

Court of Appeals of Arizona, Division 2, Department A.

Aug. 14, 1986.

Robert K. Corbin, Atty. Gen. by Jay W. McEwen, Tucson, for petitioner.

John R. Chalmers, Safford, for real parties in interest.

Richardson & Mortensen by Irval L. Mortensen, Safford, for minor.

HATHAWAY, Chief Judge.

OPINION

We assume jurisdiction of this special action proceeding filed by the state to de-

termine whether A.R.S. § 8–223(D)(5)(b) and Rule 15(b), Rules of Procedure for the Juvenile Court, 17A A.R.S., require that a dependency hearing be held within 21 days from the filing of the petition. We have jurisdiction. Rules 1 and 3(a), Rules of Procedure for Special Actions, 17A A.R.S.

The minor was born on September 22, 1984. Approximately one year after her birth, the child was diagnosed "failure to thrive" and became the focus of an ongoing protective services investigation. On May 14, 1986, the parents voluntarily placed the minor with the petitioner. *See* A.R.S. § 8–546.05.

On June 17, 1986, the day following the expiration of the voluntary placement agreement, a dependency petition was filed alleging that petitioner had provided extensive support services to the parents but that the minor continued to be neglected and deprived of necessities. The petition also alleged that the minor's condition, which was diagnosed as failure to thrive and bone age delay due to inadequate nutrition, dramatically improved during the voluntary placement. At the time of the filing of the dependency petition, the judge issued an *ex parte* order that the minor be a temporary ward of the court and that temporary custody be awarded to the petitioner. The judge also set an initial hearing on the dependency petition for June 23, 1986. At that hearing, the parents appeared with counsel and opposed the petition. The court set a hearing on the matter for July 8, 1986.

Petitioner moved the court for an order continuing the dependency hearing on the grounds that petitioner's counsel was unavailable, the diagnosing physician was unavailable, and counsel had not been appointed to represent the minor. On July 3, 1986, petitioner's motion to continue was heard. The court continued the dependency hearing for one day and reset it for July 9, 1986, with an order that stated: "The Court believes Rule 15, Rules of Juvenile Procedure require an Evidentiary Hearing within the 21 day limit." We find that the basis for the juvenile court's order was erroneous and we hold that the evidentiary dependency hearing in a contested dependency proceeding does not necessarily have to occur within the 21–day period in all cases.

Rule 15(b), Rules of Procedure for the Juvenile Court, 17A A.R.S., provides as follows:

> When the interest of the child requires immediate action, the court upon petition under oath may declare the child a temporary ward of the court pending hearing, which hearing date shall be scheduled at that time. Such hearing shall be set not later than 21 days from the filing of the petition; provided, however, the court may reset the matter at an earlier date upon request of the parties.

If a child is taken into temporary custody, A.R.S. § 8–223(C) requires written notice to the parents of the child. The written notice must contain, among other information, a statement that "if a dependency petition is filed and the child is declared a temporary ward of the court: ... (b) The hearing on the dependency petition shall be set not later than twenty-one days from the filing of the petition." A.R.S. § 8–223(D)(5)(b). Rule 16 of the juvenile court rules provides in pertinent part:

> (b) At the hearing, the court shall advise the parties of their right to counsel including appointed counsel if they are indigent, and the court shall inquire of the parents, guardian or custodian, whether they admit or deny the allegations of the petition.
>
> \* \* \* \* \* \*
>
> (d) When counsel is requested or responsibility denied, the court shall hear the matter at a date and time appropriate to the circumstances.

In this case, the juvenile court judge believed that Rule 15(b) and A.R.S. § 8–223(D)(5)(b) mandated the setting and completion of an evidentiary hearing in a dependency proceeding within 21 days from the filing of the petition in all cases. A logical reading of the rules and the statute does not lead to such a conclusion. In

cases where a dependency petition has been filed and the court has declared the child a temporary ward pending the hearing, a hearing must be set within 21 days from the filing of the petition, as was done in this case. We hold, however, that the actual dependency hearing does not necessarily have to occur within the 21–day period, but that the court may, on a case-by-case basis, determine that the hearing take place at a more appropriate time. Rule 16(d), quoted above, supports such a conclusion. In this case, for example, the court must consider the petitioner's motion to continue and determine whether there are reasonable grounds and good cause to schedule the dependency hearing at a later time. In dependency proceedings, particularly contested proceedings that will require the testimony of expert witnesses and prehearing discovery, a continuance for good cause may be necessary to provide all parties adequate opportunity to prepare and present their individual positions at the final hearing.

Finally, although relief was not specifically requested on this issue, the state argues in its petition and memorandum that the parents' appearance at the initial hearing on June 23, 1986, where they did not request a review of the temporary placement orders, somehow waived their right to a review hearing under A.R.S. § 8–546.06. We do not agree. Apparently, the parents were not timely served with the notice required by A.R.S. § 8–223(C). Although the minor was initially placed in the custody of the petitioner pursuant to a voluntary placement agreement, at the expiration of that agreement and upon the filing of the dependency petition and the issuance of temporary custody orders, the petitioner was required to serve the statutory notice. The parents have not waived any rights to a review of temporary placement and may pursue the statutory procedures to seek such review if they desire.

The juvenile court's order of continuance is vacated and the matter is remanded for proceedings consistent with this opinion.

HOWARD, P.J., and FERNANDEZ, J., concur.